

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ZAEN NORTHY FOSSKIN,
          Movant,

-vs-

UNITED STATES OF AMERICA,
          Respondent.

Case No. A-16-CA-681-SS
[No. A-14-CR-278(1)-SS]

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Movant Zaen Northy Fosskin's Motion filed pursuant to 28 U.S.C. § 2255 [#36]. Having considered the § 2255 motion, it is denied.

### Background

On September 2, 2014, Movant Zaen Northy Fosskin was charged in a one-count indictment with illegal reentry following removal in violation of 8 U.S.C. § 1326. Fosskin entered a plea of guilty to the indictment without a plea agreement. Having accepted Fosskin's guilty plea on September 19, 2016, the Court sentenced Fosskin to 46 months' imprisonment followed by a 3-year term of supervised release. The Court applied a 16-level sentencing enhancement under United States Sentencing Guidelines §2L1.2(b)(1)(A)(ii) because Fosskin was deported subsequent to two convictions for "crimes of violence." Fosskin did not appeal his conviction or sentence.

Fosskin filed a motion pursuant to 28 U.S.C. § 2255 premised upon the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), made retroactive by the Supreme

Court's holding in *Welch v. United States*, 136 S. Ct. 1257 (2016). He argues he is entitled to a new sentence.

## Legal Standard

Section 2255 provides relief for a convicted federal criminal defendant who can establish either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir.), *cert. denied*, 133 S. Ct. 1282 (2013); *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995); *United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994); 28 U.S.C. § 2255(a).

## Analysis

Fosskin is not eligible for a new sentence under *Johnson*. *Johnson* invalidated the use of the residual clause of the crime of violence definition in 18 U.S.C. § 924(e). Fosskin's illegal reentry level was enhanced pursuant to a crime of violence pursuant to the United States Sentencing Guideline Manual § 2L1.2(b)(1)(A)(ii). That provision states:

(b) Specific Offense Characteristic

(1) Apply the Greatest:

If the defendant previously was deported, or unlawfully remained in the United States, after—

> (A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; *(ii) a crime of violence*; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien

> smuggling offense, increase by 16 levels if the conviction receives criminal history points under Chapter Four or by 12 levels if the conviction does not receive criminal history points....

*Id.*

The Application Notes define a crime of violence to be:

> any of the following offenses under federal, state, or local law: Murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, *burglary of a dwelling*, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

*Id.*, application notes B(iii) (emphasis added).

Fosskin was convicted of two burglaries of a habitation on September 13, 2012. He received three criminal history points for one of the burglaries. Because Fosskin's burglary conviction was an enumerated crime of violence, he is not eligible for a new sentenced under *Johnson*.

### Certificate of Appealability

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Fosskin's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Thus, a certificate of appealability shall not issue.

### Conclusion

Accordingly:

IT IS ORDERED that Movant Zaen Northy Fosskin's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [#36] is DENIED;

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the 23rd day of August 2016.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE